UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRIDGET DINVAUT, ET AL.**     **CIVIL ACTION**

**VERSUS**     **No. 18-5462**

**CAMBRIDGE ENERGY CORPORATION, ET AL.**     **SECTION I**

## ORDER & REASONS

Before the Court is plaintiffs' motion[1] to remand the above-captioned matter to state court. Plaintiffs assert that, pursuant to the Fifth Circuit's decision in *Parish of Plaquemines v. Chevron, USA, Inc.*, 7 F.4th 362 (5th Cir. 2021), this case must be remanded because no federal question jurisdiction exists.

The only memorandum filed in response to the motion concedes that the Fifth Circuit has determined that there is "no federal question raised in this litigation."[2] *See Parish of Plaquemines*, 7 F.4th at 374 ("We agree with both district courts that there is no federal question jurisdiction in this case. . . . The companies fail to point to any federal laws or regulations that are 'actually disputed.'"). No other grounds for federal jurisdiction have been asserted in this matter.[3]

The response memorandum also suggests that the Court could delay its decision in light of the fact that a party in a related case had petitioned the U.S.

---

[1] R. Doc. No. 43.
[2] R. Doc. No. 46, at 1.
[3] In related cases, defendants have argued that federal officer jurisdiction exists. That basis has not been asserted in the instant case.

Supreme Court for certiorari.[4] However, plaintiffs have advised the Court that the Supreme Court has denied certiorari in that matter.[5] Accordingly, there is no reason to delay decision on the instant motion. Because no defendant has identified a basis for federal jurisdiction, the case must be remanded.

For the foregoing reasons,

**IT IS ORDERED** that the motion to remand is **GRANTED** and the above-captioned matter is **REMANDED** to the 40th Judicial District Court, St. John the Baptist Parish.

New Orleans, Louisiana, March 3, 2023.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[4] R. Doc. No. 46. The response memorandum also notes that two named but unserved defendants in this matter may have standing to remove the case on federal officer grounds. This possibility does not warrant delaying decision on the instant motion.
[5] R. Doc. No. 51.